UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:20-cr-00209-FDW-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| JERRY LEE KIKER JR., ) | |
| ) | |
| Defendant. ) | |

THIS MATTER is before the Court on Defendant's pro se Motion for Compassionate Release. (Doc. No. 32). Defendant was sentenced by this Court nearly four weeks ago on December 16, 2021, to a term of imprisonment of one hundred and thirty-five months to run partially concurrent to the defendant's term of imprisonment imposed in Davidson County, North Carolina Superior Court case 18CRS056197. (Doc. No. 30). Specifically, the Court sentenced Defendant to a term of fifteen months to run *concurrently* and a term of one hundred and twenty months to run *consecutively* to the state sentence. (Doc. No. 30). Defendant, who now appears pro se, indicates he is being held at the Mecklenburg County Jail under "significantly harsher" conditions because of the "pandemic" until he "faces the charges against him" in state court, now asks this Court "to give him the compassionate release, not to get out of prison, but to let him be transferred to the BOP so he may start his sentence there, to help him get out to his family, and start his life over." (Doc. No. 32, pp. 1-2). He adds that since his federal prison term will not start until after he serves his state sentence, he asks for "compassionate release of the 32 remaining months left to his sentence." (Doc. No. 32, p. 2).

1

In other words, Defendant's motion seeks a reduction in his *state* sentence and compassionate release from *state* custody under 18 U.S.C. § 3582 due to COVID-19 so that his consecutive term of imprisonment imposed for his *federal* conviction in this case can begin. Defendant, however, fails to indicate how this Court has jurisdiction to grant the relief he requests. See Jones v. DeWine, No. 20-CV-3301, 2021 WL 3722910, at *1 (S.D. Ohio Aug. 23, 2021) (holding that the federal district court is without authority to address a compassionate release motion aimed at a state sentence); see also United States v. Farley, No. 17-0211-WS, 2019 U.S. Dist. LEXIS 155483, at *3 (S.D. Ala. Sep. 12, 2019) (holding "federal compassionate release procedures have no application to a defendant serving a state sentence, and this Court lacks authority to order compassionate release of a defendant in state custody."). Without jurisdiction to reduce Defendant's state sentence, his motion is denied.

Even construing Defendant's motion as seeking a reduction in his *federal* sentence, his motion is not ripe because he is not yet in federal custody. Furthermore, Defendant fails to assert any particular level of vulnerability to the virus that represents an "extraordinary and compelling reason" to reduce his sentence. And, presuming without deciding that extraordinary and compelling reasons exist, Defendant has failed to show how the Court's analysis of the 3553(a) factors only four weeks ago should be any different now to support a reduction in sentence. Indeed, the Court's assessment of the relevant sentencing factors has not changed. The sentence imposed remains sufficient, but not greater than necessary, to advance the goals of sentencing set forth in § 3553(a), and the Court finds no basis under this record to exercise its discretion to reduce the term of imprisonment imposed last month.

IT IS THEREFORE ORDERED that Defendant's Motion for Compassionate Release (Doc. No. 32) is DENIED.

IT IS SO ORDERED.

Signed: January 13, 2022

Frank D. Whitney
United States District Judge